| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| LARRY E. WRIGHT, 331704, <br>     Plaintiff, <br><br> v. <br><br> BOARD OF PARDONS AND PAROLE, *ET AL.*, <br><br>     Defendants. | § § § § § § § § § § | CIVIL ACTION H-14-150 |

## Opinion on Dismissal

Larry E. Wright sues the Board of Pardons and Parole and the Texas Department of Criminal Justice for civil rights violations. 42 U.S.C. § 1983. Wright moves to proceed as a pauper. 28 U.S.C. § 1915.

Wright was released from prison under mandatory supervision on January 31, 2013. On December 19, 2013, he was returned to prison from Harris County. Parole officials revoked his mandatory supervision for failing to register as a sex offender. They did this without a revocation hearing.

Wright claims the TDCJ violated his civil rights by imprisoning him after his release. The Board of Pardons and Parole records show no revocation of his mandatory supervision. Wright maintains TDCJ employees erred when they recalculated his sentence to his maximum expiration date and revoked his street time. He contends his current custody is illegal because the sentence under which his mandatory supervision was revoked has been fully satisfied. Wright seeks compensation for being imprisoned without cause in violation of his civil rights, restoration of his forfeited street time, and a recalculation of his time credits.

A civil rights claim for damages which indirectly challenges the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Wright's claims undermine the validity of his current custody. He states he has not sued for habeas relief in state or federal court concerning his challenged confinement. Petition, p. 2, ¶ I.A. There is no showing that the extended custody that Wright challenges has been invalidated. *Heck v. Humphrey* bars Wright's damages claims and his

requests for injunctive and declaratory relief. Moreover, his claims sound in habeas corpus.

Wright should first pursue his claims under habeas corpus jurisprudence. *Richardson v. Fleming*, 651 F.2d 366, 375 (5th Cir. 1981). However, this Court will not convert this case to a habeas corpus application because Wright has not exhausted his state court remedies on his claims. Complaint, p. 2, ¶ I.A. A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991).

Wright fails to state a claim recognized at law. This case will be dismissed.

Signed _April 23_, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge